Since the opinion and the order remanding this case to the trial court with directions rendered on July 5, 1983, the following have been filed with the Clerk of this Court:
 On July 19, 1983, appellee filed an application for rehearing and a supporting brief and argument.
 On July 20, 1983, a "SUPPLEMENTAL TRANSCRIPT" was filed pursuant to a motion of appellant and an order of the trial court, both dated July 13, 1983, which supplemental transcript, certified by the court reporter, includes the proceeding at which the defendant's plea of guilty was considered and determined by the trial court to have been voluntarily, intelligently and understandingly entered, as required by Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969), and related cases.
 On August 3, 1983, appellant filed a "SUPPLEMENTAL BRIEF."
The supplemental transcript discloses that, during the colloquy among the trial judge, the defendant and the attorneys for the parties, the following, inter alia, occurred:
 "THE COURT: You understand that you stand accused in this indictment of this case of the offense of Possession of a Forged Instrument in the Second Degree?
"THE DEFENDANT: Yes, sir.
 "THE COURT: Has a copy of the indictment been handed to you or read to you?
"THE DEFENDANT: Yes, sir.
 "THE COURT: Do you understand the indictment against you?
"THE DEFENDANT: Yes, sir.
". . . .
 "THE COURT: On what he has — tell me what you did in this case.
 "THE DEFENDANT: I received a check from Dorinda Morris. She give me a check for an amount of money she owed me, which wasn't the total amount of the check and I went into the Food Giant Grocery Store in East Gadsden and I went to the main — not to the cashier but to the main office there, a little glass box, and spoke with, I think, a Mr. Hoover Cotton. I then presented him with the check and asked him could he cash it and he looked at the check and he said — he said, `Yes, this appears right.' Of course, this is — He okayed the check. I then took the check to the checkout place and then I gave it to him and then he wrote Food Giant and cashed it and gave me the money.
 "MR. ALLENSTEIN: I believe — did you give the groceries back to Dorinda and Mike Kimble that you bought?
"THE DEFENDANT: Yeah.
 "MR. ALLENSTEIN: They gave you about forty dollars for doing this?
"THE DEFENDANT: Yeah.
"MR. ALLENSTEIN: And they got the rest of the money?
"THE DEFENDANT: Right.
 "MR. ALLENSTEIN: All right. Now, the fact that Dorinda Morris and Mike Kimble were involved in this check did *Page 1120 
you have reason to believe this was not a good check?
 "THE DEFENDANT: Yeah. I had reason to believe it wasn't good."
The above-quoted material is sufficient, we think, to demonstrate the incorrectness and invalidity of ground I of defendant's demurrer to the indictment, which was quoted in our opinion on original submission and which is repeated as follows:
 "The indictment is so vague and so general that Defendant does not understand the charge against him and therefore he cannot adequately prepare his defense."
As stated in our opinion on original submission, it was "particularly" ground I of the demurrer that "thwarted" us "from deciding the question," in the absence of information by us as to what transpired when the guilty plea was accepted, whether the trial court should have overruled defendant's demurrer to the indictment. Apart from ground I, neither ground II nor ground III constitutes a valid ground of demurrer to the indictment, in our opinion.
In the conclusion of appellant's "SUPPLEMENTAL BRIEF," it is stated:
 "The State might argue that Defendant knew what he was charged with as evidenced by the specifics of the guilty plea. Immaterial. Even if the defendant knows what he is charged with, he is entitled to a proper indictment, legally sufficient in every manner.
 "`. . . It is a settled rule that a bill of particulars cannot save an invalid indictment . . .'
"82 S.Ct. 1038 at 1050.
 "Defendant has never questioned the guilty plea. He challenges the indictment which as a matter of law is legally insufficient."
The incomplete citation to the case of the Supreme Court isRussell v. United States, 369 U.S. 749 at page 769, 82 S.Ct. 1038
at 1050, and 8 L.Ed.2d 240, at 254. The sentence immediately before the quoted sentence therein is:
 "It is argued that any deficiency in the indictments in these cases could have been cured by bills of particulars."
The quoted material is inapposite. The basis for our finding that the indictment was not subject to ground I of defendant's demurrer is not any notion that the indictment was deficient but that the deficiency could have been cured by a bill of particulars or other means of discovery. We are now convinced, as we were inclined to believe on original submission, that the "sole issue on appeal is self-contradictory," and we now hold that in the light of the supplemental transcript, which we did not have on original submission, that ground I of defendant's demurrer contained an incorrect allegation which made it invalid and that the other two grounds of demurrer were not valid grounds.
We accept the supplemental record furnished on order of the trial court as if it were a return to the order of remandment. Our determination that the indictment was not subject to the demurrer interposed by defendant renders moot appellee's application for a rehearing.
The judgment of the trial court should now be affirmed.
REHEARING OVERRULED; AFFIRMED.
All the Judges concur.